UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE ANN FERNANDEZ,<br><br>          Petitioner,<br><br>     v.<br><br>DIR. OF CA DEPT. OF CORRECTIONS, et al.,<br><br>          Respondents. | NO. CV 12-3864 SJO (FMO)<br><br>**ORDER DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY** |

On May 3, 2012, Rose Ann Fernandez ("petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254, attacking her conviction and sentence in People v. Fernandez, Los Angeles County Municipal Court Case No. 90M04633 ("Fernandez I"). (Petition at 1-57).[1]

**DISCUSSION**

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook (Cook), 490 U.S. 488, 490, 109 S.Ct. 1923, 1925 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3); emphasis in original); see also 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in

---

[1] For ease of reference, the Court sequentially numbers the pages of the Petition, i.e., 1-57.

behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). The "in custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time [her] petition is filed." Cook, 490 U.S. at 490-91, 109 S.Ct. at 1925; Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010). This is because the writ of habeas corpus functions primarily to secure immediate release from illegal physical custody. Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833 (1973); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560 (1968); see also Fay v. Noia, 372 U.S. 391, 430-31, 83 S.Ct. 822, 844 (1963), overruled on other grounds, Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546 (1991) (Habeas corpus "lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power[.]").

Here, petitioner challenges court proceedings brought against her in Fernandez I. (See Petition at 1-57). On **April 16, 1991**, petitioner pled nolo contendere to, and was convicted of one count of driving under the influence in violation of California Vehicle Code ("Veh. C.") § 23152(a), and she also admitted a prior violation of Veh. C. § 23152(a) as well as a prior violation of Veh. C. § 23152(b). (Id. at 1 & 28-29). That same day, petitioner's sentence was suspended, she was placed on summary probation for four years, and she was required to serve 133 days in the Los Angeles County Jail. (Id. at 29). On May 20, 1993, petitioner admitted she had violated her probation and was sentenced to 103 days in Los Angeles County Jail, to be served on consecutive weekends. (Id. at 30). On June 3, 1993, the trial court modified petitioner's probation to serve 30 days in the County Jail. (Id.). Based on these circumstances, petitioner clearly cannot still be in custody for a four-year probationary sentence imposed on her over 21 years ago.[2] Indeed, she is currently incarcerated on a different matter. (See id. at 19) ("I am . . . [a] prisoner since 02/11/2010."); see also People v. Fernandez, 2011 WL 3925406, at *1 (Cal. App. 4 Dist. 2011)

---

[2] Indeed, petitioner states she was released in September 1991. (Petition at 2). Moreover, on December 2, 2011, the Los Angeles County Superior Court rejected a habeas corpus petition from petitioner, stating "[t]he instance occurred 21 years ago. [Petitioner] is not in custody nor on probation for the matter and it cannot be used against her as a prior." (Id. at 31).

("In May 2010, defendant Rose Ann Fernandez entered a no contest plea to robbery and two counts of assault with a deadly weapon other than a firearm arising from an incident during which she stole her neighbor's necklace and hit her with a two-by-four board during an altercation. She also tried to hit another neighbor boy with a two-by-four board. . . . Defendant was sentenced to the agreed-upon sentence of four years in state prison."). As such, petitioner was not "in custody" pursuant to Fernandez I at the time she filed the instant Petition. See Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir.), cert. denied, 528 U.S. 963 (1999) ("Henry was *released* before he filed the petition that is before us. Because of this circumstance, there is no custody from which he could be released.") (emphasis in original).

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183 (1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04 (2000).

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

The Court is dismissing the Petition without prejudice because petitioner is clearly not "in custody" for purposes of establishing the Court's habeas jurisdiction. As such, petitioner cannot

1 make the requisite showing "that jurists of reason would find it debatable whether the district court
2 was correct in its procedural ruling." Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

3 Based on the foregoing, IT IS ORDERED THAT the Petition is **dismissed without**
4 **prejudice** and a Certificate of Appealability is **denied**.

6 DATED: May 24, 2012.

*S. James Otero*

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

4